**2**

T. M. BUCK v. STATE. (No. 9935.) (Court of Criminal Appeals of Texas. Jan. 20, 1926.) Appeal from District Court, Hale County; R. C. Joiner, Judge. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

MORROW, P. J. The offense is burglary; punishment fixed at confinement in the penitentiary for a period of five years. Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

**3**

H. L. BUTLER v. STATE. (No. 10055.) (Court of Criminal Appeals of Texas. Feb. 3, 1926.) Appeal from Criminal District Court, Dallas County; Felix D. Robertson, Judge. McNees, Roberts & Christopher, of Dallas, for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

LATTIMORE, J. The conviction was for burglary in criminal district court of Dallas county, with punishment fixed at three years in the penitentiary. In an affidavit in proper form appellant signifies a desire to have this appeal dismissed, in order that he may accept the sentence of the court below. The request is granted. The appeal is dismissed.

**4**

J. C. DARRAH, alias Bill Henderson, v. STATE. (No. 9865.) (Court of Criminal Appeals of Texas. Feb. 10, 1926.) Appeal from Criminal District Court, Tarrant County; Geo. E. Hosey, Judge. John R. Francis, of Fort Worth, for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

LATTIMORE, J. Appellant was convicted in the criminal district court of Tarrant county of felony theft, and his punishment fixed at three years in the penitentiary. The record is before us, without any bill of exceptions or statement of facts. The indictment appears regular, and is followed by the charge of the court. The judgment will be affirmed.

**5**

Milton HACKETT v. STATE. (No. 9816.) (Court of Criminal Appeals of Texas. Jan. 20, 1926.) Appeal from Criminal District Court, Dallas County; Felix D. Robertson, Judge. John A. Ballowe and E. L. Roark, both of Dallas, for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

HAWKINS, J. Conviction is for manslaughter, with punishment fixed at five years' confinement in the penitentiary. Certain objections were urged to the charge of the court, which appear without merit when considered in connection with the charge as a whole. No bills of exception are found in the record. We think a detailed statement of the evidence is not called for. It is amply sufficient to support the verdict, and would have authorized a conviction for a higher grade of homicide than manslaughter. The judgment is affirmed.

**6**

Mark KEITH v. STATE. (No. 9786.) (Court of Criminal Appeals of Texas. Feb. 3, 1926.) Appeal from Tarrant County Court at Law No. 1; P. W. Seward, Judge. John W. Baskin, of Fort Worth, for appellant. Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

MORROW, P. J. The offense is aggravated assault; punishment fixed at confinement in the county jail for a period of two years. The evidence shows without conflict that the appellant shot his wife several times with a pistol, inflicting upon her serious bodily injury. He attempted to justify or mitigate the offense upon the ground that his wife had separated from him and threatened to live with another man. This was controverted. The issue of insanity was raised by the evidence and presented to the jury in the charge of the court. The issue of self-defense was also presented in the charge, though we find little basis for it in the evidence. There are no bills of exception complaining in any particular of the rulings of the court. The evidence is quite sufficient to support the verdict. The judgment is affirmed.

**7**